

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ISRAEL CHAND,<br>　　　　Plaintiff,<br><br>vs.<br><br>THOMAS W. HARKER,<br>*Acting Secretary, U. S. Department of Navy*,<br>　　　　Defendant. | §<br>§<br>§<br>§ 　Civil Action No. 3:20-01578-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING IN PART AND DISMISSING IN PART
DEFENDANT'S MOTION TO DISMISS**

Plaintiff Israel Chand (Chand) filed this lawsuit against his former employer, Defendant Richard V. Spencer (Spencer), in his official capacity as the Secretary of the U.S. Department of the Navy. The suit, however, is actually against the Navy (the Navy). *See generally Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

Chand, in his complaint, alleges four causes of action: hostile work environment based on national origin in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, et seq.; discrimination based on national origin in violation of Title VII; discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq.; and retaliation in violation of Title VII and the ADA.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Navy's motion to dismiss Chand's complaint

be granted save for his Title VII retaliation claim for failure to reimburse his travel expenses. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a *de novo* review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

Chand originally named Spencer, the former Secretary of the U.S. Department of the Navy, as the Defendant when he filed his complaint. The Magistrate Judge, in his Report, substituted Kenneth J. Braithwaite (Braithwaite) for Spencer, as Braithwaite became the Secretary of the U.S. Department of the Navy on May 29, 2020. However, the Court takes judicial notice, pursuant to Fed. R. Evid. 201, that Thomas W. Harker is currently the acting Secretary of the Navy. Therefore, pursuant to Fed. R. Civ. P. 25(d), the Court will direct the Clerk's Office to substitute Thomas W. Harker, Acting Secretary, U.S. Department of the Navy, as the Defendant in this case.

The Navy employed Chand as an Information Technologist Specialist with the Navy's Space and Naval Warfare Systems Center (SPAWAR). Chand's first level supervisor was George Willman (Willman), and his second level supervisor was Denise Cochran (Cochran). The Magistrate Judge, in her Report, summarized Chand's allegations as follows:

> (1) in April of 2017, [Willman] was unavailable by phone or email when Chand attempted to call in sick; (2) the [Navy] failed to promote him in June of 2017; (3) [Willman] failed to provide him an external hard drive when he requested it beginning in June of 2017; (4) during a discussion between Chand and a co-worker in August of 2017, [Willman] injected himself into the conversation and stood close to Chand in what Chand perceived to be an intimidating manner; (5) beginning in August of 2017, [Willman] required him to check in regularly via email when teleworking; (6) in October of 2017, [Willman] failed to authorize his travel voucher for reimbursement; (7) in October 2017, [Willman] gave him a negative performance evaluation after Chand complained about him [to Cochran]; and (8) in December 2017, [Willman] did not approve his teleworking agreement.  These events appear to have taken place over a roughly eight-month period.  None involved physically threatening conduct or constituted an extreme incident of hostility.

Report at 4–5.

The Magistrate Judge filed the Report on September 1, 2020, Chand filed his objections to the Report on September 4, 2020, the Navy filed its single objection to the Report on September 15, 2020, and the Navy filed its reply on July 20, 2021.  The Court has reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

The Court, liberally construing Chand's objections, identifies four objections.  As to the first, Chand objects to the Magistrate Judge's recommendation the Court dismiss Chand's hostile work environment claim as a matter of law "because it fails to allege facts plausibly suggesting severe or pervasive conduct as required by applicable law."  Report at 9.  Chand, in his objection, merely restates the allegations in his complaint and fails to direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations.

Out of an abundance of caution, however, the Court has reviewed Chand's hostile work environment claim de novo.  "To prevail on a hostile work environment claim, 'a plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's [protected characteristic]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of

3

employment and to create an abusive work environment; and (4) which is imputable to the employer.'" *Guessous v. Fairview Property Investments, LLC*, 828 F.3d 208, 221 (4th Cir. 2016) (quoting *Okoli v. City of Baltimore*, 648 F.3d 216, 220 (4th Cir. 2011)) (internal quotations omitted). "'When the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated.'" *Id.* at 226 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

"The severe or pervasive element has both a subjective and objective component." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 208 (4th Cir. 2019) (citing *E.E.O.C. v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009)). "To be actionable, the conduct must create an objectively hostile or abusive work environment, and the victim must also perceive the environment to be abusive." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 184 (4th Cir. 2001).

As to the subjective element, the plaintiff "must show that he 'did perceive, and a reasonable person would perceive, the environment to be abusive or hostile.'" *Perkins*, 936 F.3d at 208 (quoting *Cent. Wholesalers, Inc.*, 573 F.3d at 175). In determining whether the conduct was objectively severe or pervasive, a court "look[s] to the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Okoli*, 648 F.3d at 220.

"[P]laintiffs must clear a high bar [to] satisfy the severe or pervasive test." *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). "Workplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard." *Id.* The "standards for judging

4

hostility are sufficiently demanding to ensure that Title VII does not become a 'general civility code.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)).

Here, as noted by the Magistrate Judge, "even accepted as true for purposes of the instant motion, the acts alleged in [Chand's] [c]omplaint as constituting a hostile work environment do not rise to the requisite legal standard." Report at 3. Put simply, "because the alleged conduct was neither severe nor pervasive as a matter of law, Chand's hostile work environment claim fails to state a claim upon which relief can be granted." *Id.* at 6 (footnote omitted).

The Court agrees with the Magistrate Judge's reasoning. Chand simply fails to allege any conduct "which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment." *Guessous*, 828 F.3d at 221. Accordingly, the Court will overrule Chand's first objection.

Next, Chand objects to the Magistrate Judge's recommendation the Court dismiss his national origin and disability discrimination claims under Title VII and the ADA because he failed to timely file an administrative charge with respect to his lack of promotion. But, Chand fails to present any argument or analysis that points to a specific error in the Magistrate Judge's proposed findings and recommendations.

Accordingly, the Court need not conduct a de novo review of this objection and reviews the Magistrate Judge's findings for clear error. Finding no clear error as to the Magistrate Judge's recommendation the Court dismiss Chand's claims of discrimination under Title VII and the ADA, the Court will overrule this objection, too. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have also held de novo review to be unnecessary . . . when a party makes general

and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.").

Turning to Chand's third objection, he objects to the Magistrate Judge's recommendation the Court dismiss his Title VII retaliation claim relating to the negative comment made by Willman in his performance review—after Chand reported Willman to Cochran—for failure to "meet the requisite legal standard for such claims." Report at 9. Chand, in his objection, merely restates the allegations in his complaint and fails to direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations.

Out of an abundance of caution, however, the Court has reviewed Chand's aforementioned retaliation claim de novo. "To establish a prima facie case of retaliation in contravention of Title VII, a plaintiff must prove '(1) that she engaged in a protected activity,' as well as '(2) that her employer took an adverse employment action against her,' and '(3) that there was a causal link between the two events.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 271 (4th Cir. 2015) (quoting *E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 405–06 (4th Cir. 2005)).

Moreover, to establish an adverse act with respect to a retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citations omitted).

The Magistrate Judge, in her Report, opined Chand's retaliation claim regarding the negative comment made by Willman in his performance review fails as a matter of law because the negative comment "would not have dissuaded a reasonable worker from making or supporting a charge of discrimination to meet the standard for demonstrating an adverse action under the

standard in [*Burlington Northern*] for retaliation claims." Report at 8 (internal citation omitted). The Court agrees with the Magistrate Judge's analysis and will overrule the objection as well.

Lastly, in Chand's fourth objection, he objects to the Magistrate Judge's recommendation the Court dismiss his retaliation claim based on a hostile work environment because he "clearly sets forth a retaliation claim with a hostile work environment that is comprised of the [Navy's] actions [against him]." Chand's Obj. at 15.

As discussed in the preceding objection, "[t]o establish a prima facie case of retaliation in contravention of Title VII, a plaintiff must prove '(1) that she engaged in a protected activity,' as well as '(2) that her employer took an adverse employment action against her,' and '(3) that there was a causal link between the two events.'" *Fontainebleau Corp.*, 786 F.3d at 271 (quoting *Navy Fed. Credit Union*, 424 F.3d at 405–06). Retaliation claims under Title VII may be based on an employer's creation of a hostile work environment. *See Von Gunten v. Maryland*, 243 F.3d 858, 869 (4th Cir. 2001) ("Retaliatory harassment can constitute adverse employment action."), *overruled on other grounds by Burlington Northern*, 548 U.S. at 67–68.

The Magistrate Judge noted, in her Report, "[t]o the extent Chand's retaliation claim is based upon an allegation of retaliatory harassment, such a claim also fails because Chand's allegations do not meet the severe or pervasive standard [of a hostile work environment]." Report at 6 fn 3.

Here, the Court agrees with the Magistrate Judge's analysis. As discussed above by the Court in response to Chand's first objection, the allegations made by Chand in his complaint fail to allege any conduct "which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment." *Guessous*, 828 F.3d at 221. Accordingly, this objection is overruled as well.

7

The Navy, in its objection, disagrees with the Magistrate Judge's recommendation the Court deny its motion to dismiss Chand's Title VII retaliation claim for failure to reimburse his travel expenses.

As the Court noted above, "[t]o establish a prima facie case of retaliation in contravention of Title VII, a plaintiff must prove '(1) that she engaged in a protected activity,' as well as '(2) that her employer took an adverse employment action against her,' and '(3) that there was a causal link between the two events.'" *Fontainebleau Corp.*, 786 F.3d at 271 (quoting *Navy Fed. Credit Union*, 424 F.3d at 405–06).

The Magistrate Judge, in her Report, noted the "Fourth Circuit does not appear to have addressed whether [the denial of reimbursement for travel expenses] can constitute an adverse act under the [*Burlington Northern*] Standard" and in light of such precedent, "and the fact that whether the failure to reimburse could dissuade a reasonable worker may depend on the development of additional facts, the [C]ourt recommends that this question not be resolved on a Rule 12(b)(6) motion." Report at 8. The Court agrees with the Magistrate' Judge's well-reasoned analysis and concludes the disposition of this Title VII retaliation claim in a Rule 12(b)(6) motion, in light of a lack of Fourth Circuit precedent on point, inappropriate. Accordingly, the Court will overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Chand's and the Navy's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the Navy's motion to dismiss Chand's complaint is **GRANTED IN PART AND DENIED IN PART**. Specifically, the Navy's motion to dismiss Chand's claims for hostile work environment based on national origin in violation of Title VII, discrimination based on national origin in violation of Title VII,

discrimination in violation of the ADA, retaliation in violation of the ADA, and retaliation in violation of Title VII for all claims, save the failure to reimburse travel expenses claim, is **GRANTED**; and the Navy's motion to dismiss Chand's claim for retaliation in violation of Title VII for failure to reimburse travel expenses is **DENIED**.  And, the Court directs the Clerk's Office to substitute Thomas W. Harker, Acting Secretary, U.S. Department of the Navy, as the Defendant in this case.

**IT IS SO ORDERED.**

Signed this 24th day of March 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE